# In the United States Court of Federal Claims

No. 22-1383

Filed: April 13, 2023

|  |  |
|---|---|
| STEVEN C. LEVI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE UNITED STATES, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## ORDER

On September 26, 2022, plaintiff, Steven Levi, proceeding *pro se*, filed a Complaint in this Court. *See generally* Complaint, ECF No. 1 [hereinafter Compl.]. In his Complaint, plaintiff seeks monetary relief in the form of "Federal Whistleblower and Qui Tam percentages" for allegedly uncovering fraud—questionable mortgage practices he names "gift mortgages"— by United States banks and various United States Agencies. *See generally* Complaint, ECF No. 1 [hereinafter Compl.]. Specifically, plaintiff argues that he is "relating the existence and illegality of what [he] call[s] 'gift mortgages.'" Compl., Exhibit 1 at 1 [hereinafter Ex.]. Plaintiff alleges that banks borrow money from the federal government to issue mortgages to individuals "for the purpose of currying favor for the bank or a person legally associated with the bank." *Id.* Plaintiff states that after this mortgage is issued, the borrower defaults, and the federal government "writes off the loan as uncollectable" which allows the individual to receive another "gift mortgage" without the obligation to report this income for tax purposes. *See id.*

This Court's jurisdictional grant is primarily defined by the Tucker Act, which grants this Court subject-matter jurisdiction over claims brought against the United States that are grounded on a money-mandating source of law and do not sound in tort. 28 U.S.C. § 1491(a)(1). Rule 12(h)(3) of the Rules of the United States Court of Federal Claims states that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." R. Ct. Fed. Cl. 12(h)(3). In the present case, plaintiff alleges that the federal government is either engaged in fraudulent mortgage practices or is "fail[ing] to recognize and prosecute mortgage fraud." Compl. at 1; *see also* Compl., Ex. 1 at 1. As such, plaintiff argues that he is entitled to monetary relief in the form of federal whistleblower and *qui tam* percentages. *See* Compl. at 1. The Court of Federal Claims, however, lacks jurisdiction to hear *qui tam* suits. *See LeBlanc v. United States*, 50 F.3d 1025, 1031 (Fed. Cir. 1995) (citing 31 U.S.C. § 3732(a)) (stating that the Court of Federal Claims has no authority to determine if a

plaintiff has a valid *qui tam* suit under the False Claims Act "because *qui tam* suits may only be heard in the district courts"). Upon *sua sponte* review, this Court finds that plaintiff's allegations do not give rise to a cause of action for which this Court has subject-matter jurisdiction. As such, this Court does not have authority to decide plaintiff's case, and therefore must dismiss the Complaint pursuant to RCFC 12(h)(3).

For the reasons set forth above, plaintiff's Complaint is **DISMISSED**, *sua sponte*, pursuant to RCFC 12(h)(3). Consequently, defendant's Motion to Dismiss is hereby **FOUND MOOT**. The Clerk of Court is directed to take the necessary steps to dismiss this matter.

**IT IS SO ORDERED.**


s/ *Loren A. Smith*

Loren A. Smith,
Senior Judge